# United States Court of Appeals for the Fifth Circuit

_____

No. 25-50553
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2025

Lyle W. Cayce
Clerk

SIMON AMUNGA NASIO, SR.,

*Plaintiff—Appellant*,

*versus*

UNITED STATES DEPARTMENT OF DEFENSE,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:25-CV-14

_____

Before DENNIS, HAYNES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Simon Amunga Nasio, Sr., a litigant proceeding *pro se*, appeals the dismissal with prejudice of his claims against the United States Department of Defense after the Air Force denied his enlistment application. Nasio is neither a United States citizen nor a lawful permanent resident. Only citizens and lawful permanent residents may ordinarily enlist. 10 U.S.C. § 504(b)(1).

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50553

A limited exception gives the Secretary of a military branch discretion to "authorize the enlistment" of a non-citizen or non-permanent resident if the Secretary determines that the applicant possesses "a critical skill or expertise . . . vital to the national interest" to be used in the applicant's "primary daily duties." § 504(b)(2)(A)–(B).

Nasio sought to enlist in the Air Force under that exception based on his ongoing pursuit of bachelor's degrees in computer science and law at American Public University. The Air Force denied his application because he had "not provided evidence that he possesses critical skills that are essential to national interest" and was "still building professional knowledge/skills." He then filed this suit *in forma pauperis* asserting numerous constitutional and statutory claims. The district court dismissed the complaint as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Nasio raises twenty-two issues on appeal. But, as the district court observed, this dispute "boils down to this: he believes that pursuing degrees in law and computer science qualifies him for the 'critical skill' exception to enlistment, but the Air Force—exercising its lawful discretion—disagreed." The documents attached to Nasio's complaint detail the basis for that decision. And in his own words on appeal, "§ 504(b)(2) does not create an enforceable right to enlist but grants discretionary authority to the Secretary," providing that the "'Secretary concerned may authorize the enlistment,' not that he must or shall do so." We agree.

AFFIRMED.